UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>V.<br><br>HOWARD HARLOW BACK,<br><br>    Defendant. | CRIMINAL CASE NO. 12-03-KKC-CJS<br>CIVIL CASE NO. 18-28-KKC-CJS<br><br>**REPORT & RECOMMENDATION** |

Defendant Howard Harlow Back, proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R. 410). The United States has filed its Response, wherein the Government took the position that the Court should grant relief to Defendant in the form of allowing him to file a delayed notice of appeal. (R. 420). The United States attached an affidavit of Defendant's former counsel, Billy G. Slone, to its Response. In said affidavit, counsel admitted that he failed to ensure Defendant Back's appeal was filed. (R. 420-1). Defendant has filed his Reply to the Government's Response, asking that the Court adopt the Government's position and allow Defendant Back to file a notice of appeal. (R. 423).

Having all relevant documents before the Court, the matter is ripe for consideration and issuance of a Report and Recommendation.[1]  28 U.S.C. § 636(b). As sufficient undisputed evidence of ineffective assistance of counsel is present in the record as set forth *infra*, an evidentiary hearing is unnecessary. For the reasons set forth below, it will be recommended that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 410) be **granted.**

---

[1] Also pending before the Court is Defendant's Motion for Return of Seized Property (R. 415), which is not relevant to the instant Report and Recommendation and will be taken up separately.

I.   **BACKGROUND**

On November 15, 2012, a federal grand jury returned a Second Superseding Indictment against Defendant Back, as well as several codefendants. Defendant Back was charged with twelve counts of knowingly and intentionally distributing a quantity of pills containing oxycodone, a Schedule II controlled substance, as well as one count of conspiring with others to do so, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, respectively. (R. 145). A three-day jury trial commenced on January 28, 2013, at the conclusion of which the jury returned a verdict of guilty on all charges. (R. 186; R. 195). Prior to sentencing, Defendant fired his trial attorney, Stephen Owens, and decided to proceed with sentencing *pro se*.[2] (*See* R. 270). Subsequently, on November 7, 2013, the Court entered a Judgment sentencing Defendant to, *inter alia*, 262 months of imprisonment. (R. 254; R. 259).

Defendant filed a Notice of Appeal on November 8, 2013. (R. 255). On December 14, 2014, the Sixth Circuit Court of Appeals entered an Order affirming the conviction. (R. 319). Likewise, the Sixth Circuit subsequently denied Defendant's petition for rehearing on May 28, 2015. (*Id.*).

On October 26, 2015, Defendant filed his first § 2255 Motion (R. 337), which was granted in part by the then presiding District Judge on March 10, 2017. (R. 382). Back claimed that his sentencing violated due process and the Sixth Amendment because the Court allowed him to proceed *pro se* at sentencing, even though he never waived his right to counsel. (R. 357-2, at 3). The presiding District Judge noted that "Back's claim reaches a complicated area of law surrounding implied waivers of counsel, and there is some discrepancy in the record as to Back's

---

[2] The Court found that the CJA 23 Financial Affidavit Defendant submitted following termination of his trial attorney showed sufficient assets for Defendant to obtain an attorney for purposes of the sentencing hearing. (*See id.*). Defendant appeared *pro se* for sentencing on November 5, 2013. (R. 253).

2

understanding of his rights at sentencing." (R. 382). Accordingly, "out of an abundance of caution" the Court granted Defendant's first § 2255 Motion as to that issue alone. (*Id.*). The Court also appointed counsel Billy G. Slone for the limited purpose of sentencing. (*Id.* at 2). Following a re-sentencing hearing, on August 1, 2017, the presiding District Judge entered an Amended Judgment reducing Defendant's sentence from 262 months to 210 months. (R. 404).

On March 2, 2018, Defendant filed the subject § 2255 Motion, raising two grounds of ineffective assistance of counsel ("IAC"). (R. 410).[3] First, Defendant asserts that following the July 27, 2017 resentencing hearing, he "received ineffective assistance of counsel when his lawyer failed to file a notice of appeal." (R. 410, at 4). Defendant also asserts that he "received IAC when at resentencing his lawyer failed to object to a sentence that was procedurally and substantively unreasonable." (*Id.*).

The United States filed a Response to Defendant's § 2255 Motion, taking the position that the Court should grant Defendant's subject § 2255 Motion "because he has shown that he suffered prejudice." (R. 420) (citing *Campbell v. United States*, 686 F.3d 353, 357-58 (6th Cir. 2012)). In support of its conclusion, the Government asserts that Defendant's appointed sentencing counsel, Billy G. Slone, confirmed Defendant's statement that he specifically told his counsel that he wanted to appeal the newly-imposed sentence. (R. 420, at 2). The Government attached Attorney Slone's Affidavit to its Response, wherein Slone attests that "Mr. Back handed me a document containing several pages and told me that this was his appeal and he wanted it mailed to the Sixth Circuit Court of Appeals. I believe I mailed the documents that same day." (*See* R. 420-1). The

---

[3] The undersigned found that the Court has jurisdiction to address the pending Motion (*see* R. 412), although this is the second time that Defendant has pursued collateral relief through a § 2255 Motion, as it is not a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b) but rather consists of "a new challenge to a new error." *See King v. Morgan*, 807 F.3d 154, 155 (6th Cir. 2015).

3

Government notes that, "[h]owever, no notice of appeal was filed." (R. 420, at 2). The Government concludes that "the appropriate remedy is to allow Back to file a delayed notice of appeal." (*Id.*).

On April 30, 2018, Defendant filed a Reply to the Government's Response, wherein he requested "that the Court adopt the Government's position and allow Petitioner to file a notice of direct appeal." (R. 423). With respect to Defendant's second claim asserted in his § 2255 Motion, asserting that the sentence imposed was "procedurally and substantively unreasonable," Defendant requested that the issue be declared moot. (*Id.*). Finally, Defendant requests that the Court appoint counsel with respect to his appeal and "[i]instruct Petitioner as to the steps he must take to have his notice of direct appeal filed in light of the circumstances of his case." (*Id.*).

## II.   ANALYSIS

Defendant contends that his Sixth Amendment right to the effective assistance of counsel was violated because it is undisputed that his counsel failed to ensure that a notice of appeal was appropriately filed despite Defendant's specific instructions to him to do so. Generally, to prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's performance was constitutionally deficient, and (2) counsel's deficient performance so prejudiced the defense that, but for counsel's alleged errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The two-part *Strickland* test applies to a claim that counsel was ineffective for failing to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *Regalado v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003).

It is well-established that where a defendant expressly instructs his counsel to file a notice of appeal and counsel fails to do so, counsel's conduct is objectively unreasonable under the first

prong of the *Strickland* test. *See Flores-Ortega*, 528 U.S. at 476-77. Defendant's appointed sentencing counsel, Billy G. Slone, confirmed Defendant's statement that he specifically told his counsel that he wanted to appeal the newly-imposed sentence. (R. 420, at 2). The Government attached Attorney Slone's Affidavit to its Response, where Slone attests that "Mr. Back handed me a document containing several pages and told me that this was his appeal and he wanted it mailed to the Sixth Circuit Court of Appeals. I believe I mailed the documents that same day." (*See* R. 420-1). The Government notes that, "[h]owever, no notice of appeal was filed." (R. 420, at 2). Simply placing Defendant's appeal in the mail does not satisfy the requirement that defense counsel "file a notice of appeal." Defense counsel had a responsibility to ensure that the document was appropriately and timely received by the Sixth Circuit. His failure to do so constitutes objectively unreasonable representation. *See Hardaway v. Robinson*, 655 F.3d 445, 447 (6th Cir. 2011) (finding counsel's performance deficient in failing to timely file an appellate brief).

The fact that Attorney Slone was appointed to represent Defendant for purposes of the sentencing hearing does not affect the reasonableness of Slone's actions. In *Flores-Ortega*, trial counsel was a court-appointed public defender. *Flores-Ortega*, 528 U.S. at 473. At sentencing, the trial court informed the defendant of his right to appeal and explained that if he could not afford appellate counsel, then counsel would be appointed to represent him on appeal. *Id.* at 474. Despite the fact that trial counsel had not been appointed for the appeal, the U.S. Supreme Court found that counsel had the responsibility to file a notice of appeal if requested, or to consult with the defendant about an appeal where the circumstances imposed a duty on her to do so. *Id.* at 487; *see also Richardson v. United States*, 612 F. Supp. 2d 709, 716 (N.D. W.Va. 2009) (finding that failure to file notice of appeal upon being instructed to do so was per se ineffective assistance of counsel irrespective of whether counsel was retained for purposes of appeal). As the U.S. Supreme Court

5

has explained, "filing a notice of appeal is a purely ministerial task." *Flores-Ortega*, 528 U.S. at 474. Here, as in *Flores-Ortega*, counsel is not excused from the task of filing a notice of appeal because he may not have been specifically retained or appointed for appellate purposes. During the December 19, 2017 sentencing hearing, the Court provided Defendant information regarding his right to appeal; with respect to Defendant's potential appeal of the newly-imposed sentence, the then presiding District Judge stated that "I know that Mr. Slone is going to keep you very well advised[.]" (R. 409, at 22). Further, just as in *Flores-Ortega*, the Court informed Defendant that "[i]f you do not have sufficient funds to employ a lawyer, the Court of Appeals may appoint your present lawyer or another to prosecute the appeal for you." (R. 409, at 23). *See Flores-Ortega*, 528 U.S. at 474. Accordingly, because Defendant specifically requested that Attorney Slone file the appeal, counsel rendered ineffective assistance of counsel when he failed to properly complete this task at his client's express request.

Having found that counsel performed deficiently by failing to properly file an appeal, the Court must next determine whether the prejudice prong of *Strickland* is satisfied. The U.S. Supreme Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. In reaching its conclusion, the U.S. Supreme Court rejected the proposition that a defendant must always establish prejudice by showing possible success on the merits, noting that "it is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (citing *Flores-Ortega*, 528 U.S. at 486). Instead, deficient performance in this context causes prejudice because it causes

the "denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right." *Id.* at 357 (citing *Flores-Ortega*, 528 U.S. at 483). Thus, to prevail under *Strickland*'s prejudice prong, "the defendant need only 'demonstrate that, but for counsel's deficient conduct, he would have appealed.'" *Id.* (citing *Flores-Ortega*, 528 U.S. at 486).

Here, it is undisputed that Defendant specifically told Attorney Slone that he wanted to file an appeal and, further, provided a document for counsel to file on Defendant's behalf. (*See* R. 420, at 2; R. 420-1). Accordingly, the evidence supports a finding that there is a reasonable probability that, but for counsel's deficiency in failing to properly file Defendant's appeal, Defendant would have timely appealed and, therefore, prejudice is established. *See Flores-Ortega*, 528 U.S. at 484. Thus, it will be recommended that the presiding District Judge grant Defendant's § 2255 Motion, vacate the Judgment, and enter an Amended Judgment, which will provide Defendant with an opportunity to pursue an appeal.

Finally, an evidentiary hearing is unnecessary in this matter. The United States agrees that with counsel's mailing of the documents—accepting on the face of counsel's affidavit that his assertion is truthful—the lack of receipt of the appeal by the Sixth Circuit Court of Appeals means that Defendant is entitled to a late appeal. In reviewing a § 2255 motion, an evidentiary hearing is only necessary to determine the truth of the petitioner's claims in the event a factual dispute arises. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). Where, as here, there is not a factual dispute, an evidentiary hearing is not necessary.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons set forth herein, **IT IS RECOMMENDED** as follows:

1) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 410) **BE GRANTED** with respect to his first claim of ineffective assistance of counsel;

2) Defendant's second claim of ineffective assistance of counsel set forth in his § 2255 Motion (R. 410) **BE DENIED AS MOOT**;

3) The August 1, 2017 Final Judgment (R. 404) **BE VACATED**;

4) An Amended Judgment **BE ENTERED** reimposing the same sentence;

5) The Clerk of Court **BE DIRECTED TO FILE** a notice of appeal on Defendant Back's behalf within **fourteen (14) days** from entry of the Amended Judgment;

6) Defendant **BE ORDERED TO FILE** with the Sixth Circuit an updated application to proceed *in forma pauperis* along with a motion for appointment of counsel after entry of the notice of appeal; and

7) Defendant's request in his § 2255 Motion that this Court appoint him counsel to represent him on appeal (*see* R. 410-1 at 8) **BE DENIED** as premature.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 8th day of August, 2019.



J:\DATA\habeas petitions\2255 ineffective assistance counsel\12-3-KKC Back R&R final.docx